UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ONEBEACON INSURANCE COMPANY f/k/a CGU INSURANCE COMPANY f/k/a GENERAL ACCIDENT INSURANCE COMPANY OF AMERICA, <br><br> Plaintiff/Counter-Defendant, <br><br> v. <br><br> U.S. FOODS, INC. f/k/a U.S. FOODSERVICE, INC., <br><br> Defendant/Counter-Plaintiff/ Third-Party Plaintiff, <br><br> v. <br><br> THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, <br><br> Third-Party Defendant. | No. 13 C 4656 <br><br> Chief Judge Ruben Castillo |

## MEMORANDUM OPINION AND ORDER

Plaintiff OneBeacon Insurance Company ("OneBeacon") filed this action on August 26, 2013, seeking a declaratory judgment that it is entitled to reimbursement of a workers' compensation claim and a disability benefits claim it paid to an employee of Defendant U.S. Foods pursuant to an employer's liability insurance policy OneBeacon issued to U.S. Foods. (R. 1, Compl.) OneBeacon also seeks a declaration that U.S. Foods breached the terms of the insurance policy. (*Id.*) On October 4, 2013, U.S. Foods filed a third-party complaint against The Insurance Company of the State of Pennsylvania ("ICSP") seeking indemnification for any amount for which the Court finds U.S. Foods liable to OneBeacon. (R. 23, Third-Party Compl.)

U.S. Foods moved for summary judgment on October 28, 2013. (R. 32, U.S. Foods' Mot. Summ. J.) OneBeacon filed its cross-motion for summary judgment on December 5, 2013. (R. 52, One Beacon's Mot. Summ. J.) U.S. Foods filed the present motion on December 27, 2013, asking the Court to stay ruling on OneBeacon's motion for summary judgment to allow for additional discovery. (R. 63, U.S. Foods' Rule 56(d) Mot.) U.S. Foods contends that it needs to conduct additional discovery to properly contest OneBeacon's summary judgment motion and to prove its affirmative defense. (*Id.*) For the reasons stated below, U.S. Foods' motion is granted.

## BACKGROUND AND PROCEDURAL HISTORY

OneBeacon is an insurance company incorporated in Pennsylvania, with its principal place of business in Minnetonka, Minnesota. (*Id.* ¶ 1.) ICSP is a Pennsylvania corporation with its principal place of business in New York, New York. (R. 49, ICSP's Answer ¶ 11.) U.S. Foods is a foodservice distributor incorporated in Delaware, with its principal place of business in Rosemont, Illinois. (R. 58, OneBeacon's Rule 56.1 Resp. ¶ 2.) On December 23, 1997, JP Foodservice, a separate, unrelated entity, acquired U.S. Foods, and eventually began operating under the name U.S. Foods. (R. 69, U.S. Foods' Reply to its Rule 56(d) Mot. at 5; R. 69-3, Ex. 2, U.S. Foods' S.E.C. Filing.)

OneBeacon issued a workers' compensation and employer's liability insurance policy to U.S. Foods ("OneBeacon Policy") for the period of April 1, 1997 to April 1, 1998. (R. 58, OneBeacon's Rule 56.1 Resp. ¶ 6.) Subsequently, Discover-Re, an insurance provider that is not a party to this suit, provided U.S. Foods with a workers' compensation and employer's liability insurance policy beginning April 1, 1998 until April 1, 1999. (R. 54, OneBeacon's Facts ¶ 16; R. 63-1, Ex. 7, Apr. 30, 2013 Cracco E-Mail at 112.) In addition, ICSP issued JP Foodservice a workers' compensation and employer's liability insurance policy ("ICSP Policy") for the period

of July 1, 1997 to July 1, 1998. (R. 49, ICSP's Answer ¶ 1; R. 63, U.S. Foods' Rule 56(d) Mot. at 6; *see* R. 63-1, Ex. 4, ICSP Activity Notes.)

On December 12, 2001, Dominic Ruberstell filed an Application for Adjustment of Claim with the Illinois Workers' Compensation Commission ("IWCC") against U.S. Foods, seeking damages for nerve injuries sustained in the course of his employment on or about December 16, 1998. (R. 58, OneBeacon's Rule 56.1 Resp. ¶ 14.) The parties agree, although it is unclear from the record, that Ruberstell was likely an employee of JP Foodservice at the time of the accident, not U.S. Foods. (R. 54, OneBeacon's Facts ¶ 18; R. 63, U.S. Foods' Rule 56(d) Mot. at 6 n.5.) On or about November 22, 2004, an IWCC arbitrator convened a hearing to resolve Ruberstell's claims. (R. 58, OneBeacon's Rule 56.1 Resp. ¶ 15.) The arbitrator found that Ruberstell's condition was causally connected to his employment and that he was entitled to temporary total disability benefits through the date of the hearing and permanent total disability benefits from U.S. Foods. (*Id.* ¶ 16.) On July 7, 2006, after U.S. Foods filed a Petition for Review, the IWCC amended Ruberstell's injury date from December 16, 1998, to January 16, 1998, and remanded the matter to the arbitrator to determine whether the statute of limitations had expired prior to Ruberstell filing his claim. (*Id.* ¶¶ 17-18.) On or about June 23, 2008, the arbitrator found that Ruberstell's claim was not time-barred and the permanent total disability award was reinstated. (*Id.* ¶ 19.) The IWCC affirmed the arbitrator's decision on September 23, 2009. (*Id.* ¶ 20). U.S. Foods appealed the ruling to the Circuit Court of LaSalle County and ultimately to the Illinois Appellate Court for the Third District; both affirmed the IWCC's decision. *U.S. Food Service v. Ill. Workers' Comp. Comm'n*, No. 3-11-0373WC, 2012 IL App (3d) 110373 WC-U (Ill. App. Ct. 3d Dist. Nov. 2, 2012).

After Ruberstell filed his claim alleging an injury date of December 16, 1998, U.S. Foods first provided timely notice to Discover-Re, its insurer for the policy period encompassing the injury date. (R. 54, OneBeacon's Facts ¶ 16; R. 63, U.S. Foods' Rule 56(d) Mot. at 5.) Discover-Re provided U.S. Foods with a defense in Ruberstell's suit until the IWCC amended the injury date to January 16, 1998, which fell outside Discover-Re's policy coverage period. (R. 54, OneBeacon's Facts ¶ 16; R. 63, U.S. Foods' Rule 56(d) Mot. at 5.) U.S. Foods alleges that it then provided timely notice to ICSP pursuant to the ICSP Policy. (R. 63, U.S. Foods' Rule 56(d) Mot. at 5.) U.S. Foods further alleges that on or about June 10, 2010, it tendered Ruberstell's claims to ICSP, and ICSP defended the claims for nearly three years, a contention that ICSP denies. (R. 49, ICSP's Answer ¶ 2.) U.S. Foods alleges that on March 1, 2013, without warning, ICSP refused to further defend U.S. Foods against Ruberstell's claims, a contention that ICSP also denies. (*Id.* ¶ 4.) ICSP offers a different version of events: it alleges that U.S. Foods failed to provide timely notice because it did not notify ICSP of Ruberstell's claims until May 25, 2010, more than three years after the IWCC amended Ruberstell's injury date. (*Id.* at 11, 16.) ICSP also alleges that because it maintained a policy with JP Foodservice rather than U.S. Foods, it owes U.S. Foods no duty to indemnify against Ruberstell's claims. (*Id.* at 15.)

After learning of ICSP's refusal to continue defending the Ruberstell suit, U.S. Foods tendered Ruberstell's claims to OneBeacon for indemnification of the award against it on or about April 25, 2013. (R. 58, OneBeacon's Rule 56.1 Resp. ¶ 7.) OneBeacon alleges that this was the first notice it had received from U.S. Foods regarding Ruberstell's claims. (R. 54, OneBeacon's Facts ¶ 24.) OneBeacon alleges that it wanted to further investigate Ruberstell's claims before paying him, but U.S. Foods advised OneBeacon that it should pay Ruberstell

immediately in order to avoid incurring statutory penalties for late payment. (*Id.* ¶ 25.) OneBeacon acquiesced, issuing payment to Ruberstell on behalf of U.S. Foods in the amount of $604,227.57 on May 10, 2013. (*Id.*; R. 58, OneBeacon's Rule 56.1 Resp. ¶ 8.) OneBeacon subsequently submitted a letter to U.S. Foods reiterating that OneBeacon paid the Ruberstell award only to avoid statutory penalties and that it reserved the right to dispute whether it was indeed liable to pay Ruberstell's claims.[1] (R. 54, OneBeacon's Facts ¶ 25; R. 58, OneBeacon's Rule 56.1 Resp. ¶ 10.) Since making the initial payment to Ruberstell, OneBeacon has made and continues to make lifetime permanent total disability payments in the amount of $606.33 per week, as well as payments for Ruberstell's medical care that totaled $10,177.00 as of April 25, 2013. (R. 58, OneBeacon's Rule 56.1 Resp. ¶ 9; R. 54, OneBeacon's Facts ¶ 32.)

On June 26, 2013, OneBeacon filed a complaint for declaratory judgment against U.S. Foods, seeking reimbursement of its payments to Ruberstell. (R. 1, Compl.) OneBeacon argues that it owes no obligation to U.S. Foods because U.S. Foods breached the OneBeacon Policy. (R. 58, OneBeacon's Rule 56.1 Resp. ¶ 11.) Specifically, OneBeacon argues that U.S. Foods violated its policy by failing to: (1) promptly provide notice, demands, and legal papers related to Ruberstell's claims; (2) cooperate in the investigation, settlement, and/or defense of his claims; and (3) notify OneBeacon once the matter arose. (*Id.* ¶ 13.)

On August 13, 2013, discovery began with a deadline set on March 30, 2014. (R. 20, August 13, 2013 Minute Entry; R.25, October 10, 2013 Minute Entry.) On October 10, 2013, U.S. Foods filed a counterclaim against OneBeacon, seeking a declaratory judgment that OneBeacon had a duty to indemnify U.S. Foods for Ruberstell's claims. (R. 26, U.S. Foods'

---

[1] The parties agree that OneBeacon submitted a reservation of rights letter. They disagree, however, as to the legal significance of such a letter. The legal significance of this letter is immaterial to resolving the instant motion, and the Court therefore disregards the dispute at this time.

5

Answer & Counterclaim.) On October 28, 2013, U.S. Foods moved for summary judgment. (R. 32, Def.'s Mot. Summ. J.) On December 5, 2013, OneBeacon filed a cross-motion for summary judgment. (R. 52, OneBeacon's Mot. Summ. J.)

U.S. Foods filed the present action on December 27, 2013. (R. 63, U.S. Foods' Rule 56(d) Mot.) OneBeacon submitted a response on January 3, 2014, (R. 65, OneBeacon's Resp.); and U.S. Foods replied on January 21, 2014, (R. 69, U.S. Food's Reply.)

## LEGAL STANDARD

Federal Rule of Civil Procedure 56(d), formerly Rule 56(f),[2] provides relief for a party opposing a motion for summary judgment that can show "for specified reasons" that it "cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). If a court is persuaded by a Rule 56(d) motion, it may deny the motion for summary judgment or defer considering it, allow time for further discovery, or "issue any other appropriate order." *Id.* The rule "is intended as a safeguard against a premature grant of summary judgment." *King v. Cooke*, 26 F.3d 720, 726 (7th Cir. 1994). Thus, courts construe the rule liberally and do not find violations on rigid technical grounds. *Id.* However, Rule 56(d) "is not a shield that can be raised to block a motion for summary judgment without even the slightest showing by the opposing party that his opposition is meritorious." *Korf v. Ball State Univ.*, 726 F.2d 1222, 1230 (7th Cir. 1984) (quoting *Lamb's Patio Theatre v. Universal Film Exchs.*, 582 F.2d 1068, 1071 (7th Cir. 1978)). Accordingly, a party invoking the protections of Rule 56(d) "must state the reasons why the party cannot adequately respond to the summary judgment motion without further discovery and must support those reasons by affidavit." *Deere & Co. v. Ohio Gear*, 462 F.3d 701, 706 (7th Cir.

---

[2] Federal Rule of Civil Procedure 56 was amended in 2010. Subsection (d) is substantially the same as the prior section (f). Fed. R. Civ. P. 56 Adv. Comm. Notes. Although some of the cases cited by the Court refer to Rule 56(f) instead of Rule 56(d), the analysis is consistent.

2006) (citing Fed. R. Civ. P. 56(d); *Grayson*, 308 F.3d at 816); *see also Woods v. City of Chi.*, 234 F.3d 979, 990 (7th Cir. 2000) (a Rule 56(d) motion can be denied if the non-movant fails to file either an affidavit or a declaration that outlines the party's reasons for needing further discovery). In its affidavit, the party must demonstrate "how postponement of a ruling on the motion will enable [it], by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact." *Korf*, 726 F.2d at 1230 (quoting *Lamb's Patio Theatre*, 582 F.2d at 1071). Additionally, the evidence the non-movant seeks must be relevant to his case. *Grayson v. O'Neill*, 308 F.3d 808, 816 (7th Cir. 2002). Furthermore, "[w]hen a party fails to secure discoverable evidence due to his own lack of diligence, it is not an abuse of discretion for the trial court to refuse to grant a continuance to obtain such information." *Pfeil v. Rogers*, 757 F.2d 850, 857 (7th Cir. 1985) (citing *Reeg v. Shaughnessy*, 570 F.2d 309, 316 (10th Cir. 1978)).

## ANALYSIS

In OneBeacon's motion for summary judgment, it argues that it owes no coverage obligations to U.S. Foods for Ruberstell's claims because U.S. Foods breached the notice provision of the OneBeacon Policy. (R. 53, OneBeacon's Mot. Summ. J. at 5.) U.S. Foods argues that under Illinois law, it has a justifiable excuse for its delayed notice to OneBeacon. (R. 63, U.S. Foods' Rule 56(d) Mot. at 4-6.) In its supporting affidavit and accompanying exhibits, U.S. Foods identifies specific evidence that it could obtain through discovery that would support its defense against OneBeacon's summary judgment motion. (R. 63-1, Ex. A, Derksen Aff. ¶¶ 2-6; R. 63-2, Ex. B, U.S. Foods' Interrogs.; R. 63-3, Ex. C, U.S. Foods' Doc. Req. to ICSP; R. 63-4, Ex. D, Notice of Rule 30(b)(6) Dep. of ICSP Officers.) Through additional discovery in the form of interrogatories, document requests and depositions, U.S. Foods seeks to discover the following: (1) if and when ICSP denied coverage; (2) if ICSP accepted coverage for the

Ruberstell claims; (3) if ICSP's counsel entered an appearance during the course of the litigation of Ruberstell's claims; and (4) if ICSP reserved its rights to challenge its liability in the Ruberstell matter. (R. 63, U.S. Foods' Rule 56(d) Mot. at 8; R. 63-2, Ex. B, U.S. Foods' Interrogs.; R. 63-3, Ex. C, U.S. Foods' Doc. Req. to ICSP; R. 63-4, Ex. D, Notice of Rule 30(b)(6) Dep. of ICSP Officers.) As a preliminary matter, this Court finds that U.S. Foods has provided a sufficiently detailed affidavit to satisfy Rule 56(d)'s requirement, and proceeds to analyze whether the requested information would establish a genuine issue of material fact. *See Korf*, 726 F.2d at 1230.

I. **Whether U.S. Foods' requested discovery would establish a genuine issue of material fact**

OneBeacon offers several arguments why it would be inappropriate to permit U.S. Foods to extend discovery. First, OneBeacon argues that because the ICSP Policy was issued to JP Foodservice and *not* U.S. Foods, it cannot provide the basis of a defense for U.S. Foods' late notice to OneBeacon. (R. 65, OneBeacon's Resp. at 6.) U.S. Foods counters that its belief that at the time of his injury, Ruberstell was an employee of JP Foodservice, and not U.S. Foods, provides a justifiable excuse for U.S. Foods' late notice to OneBeacon. (R. 69, U.S. Foods' Reply at 6-7.)

The parties do not dispute that Illinois law governs the interpretation of the OneBeacon Policy. Under Illinois law, "a lengthy delay in providing notice is not an absolute bar to coverage provided the insured's reason for the delay is justifiable under the circumstances." *W. Am. Ins. Co. v. Yorkville Nat'l Bank*, 939 N.E.2d 288, 294 (Ill. 2010). The Illinois Supreme Court has held that "an insured's reasonable belief of noncoverage under a policy may be an acceptable excuse for the failure to give timely notice, even where the delay is lengthy." *Id.* at 294-95. Furthermore, whether the insured believed the occurrence or lawsuit was covered by the

insured's policy is a question of fact. *Id.* at 295 (citing *Farmers Auto. Ins. Ass'n v. Hamilton*, 355 N.E.2d 1, 3 (Ill. 1976)).

While the Court does not rule on the validity of U.S. Foods' defense at this juncture, the Court views as relevant U.S. Foods' belief that the ICSP Policy and not the OneBeacon Policy covered Ruberstell's claims. If U.S. Foods can prove that its belief was reasonable, then under Illinois law, U.S. Foods may be excused for its late notice to OneBeacon. The inquiry is a fact-intensive one that will turn on the specific circumstances in this case. Therefore, it is necessary to permit additional discovery to provide U.S. Foods the opportunity to properly mount this defense, which, in turn, could establish a material fact that will ultimately defeat OneBeacon's summary judgment motion. Thus, the Court finds that additional discovery is warranted to permit U.S. Foods to develop its defense in this case.

Seeking to avoid this result, OneBeacon argues that late notice to an insurer is excused by providing timely notice to a different insurer only where the second insurer is an excess insurer. (R. 65, OneBeacon's Resp. at 10) (citing *Zurich Ins. Co. v. Walsh Constr. Co. of Ill., Inc.*, 816 N.E. 2d 801 (Ill. App. Ct. 1st Dist. 2004)). It argues that because both ICSP and OneBeacon are primary insurers, U.S. Foods' late notice to ICSP cannot be excused. (*Id.*)

OneBeacon is correct that the *Zurich* court permitted the insured's late notice to the insurer, in part, because the insurer was an excess insurer. *See Zurich*, 816 N.E.2d at 806-807. U.S. Foods appears to concede that both ICSP and OneBeacon are primary insurers by abandoning this particular argument in its reply brief. (*See* R. 69, U.S. Foods' Reply at 3-4.) The *Zurich* court also noted, however, that "[a] lengthy passage of time is not an absolute bar to coverage provided that the insured has a justifiable excuse for the delay." *Zurich*, 816 N.E.2d at 805 (citing *Northbrook Prop. & Cas. Ins. Co. v. Applied Sys., Inc.*, 729 N.E.2d 915, 921 (Ill.

9

App. Ct. 1st Dist. 2000)). In assessing the validity of an insured's excuse, Illinois courts consider:

> (1) the language of the policy's notice provisions; (2) the degree of the insured's sophistication in the world of commerce and insurance; (3) the insured's awareness that an occurrence or suit as defined by the policy has taken place; and (4) the insured's diligence and reasonable care in ascertaining whether policy coverage is available.

*Id.* (citing *Applied Sys.*, 729 N.E.2d at 922; *Tribune Co. v. Allstate Ins.Co.*, 715 N.E.2d 263, 271 (Ill. App. Ct. 1st Dist. 1999)). Therefore, the distinction between excess and primary insurers does not carry the day in this case, as U.S. Foods still has a legally viable defense under Illinois law. The Court reiterates that it does not rule on the validity of U.S. Foods' defense at this time, it only addresses the merits of U.S. Foods' defense in order to determine whether its discovery request is likely to produce a genuine issue of material fact. *See Theotokatos v. Sara Lee Pers. Prods.*, 971 F. Supp. 332, 344 (N.D. Ill. 1997) (this Court addressed merits of third-party defendant's defense to motion for summary judgment only to evaluate its Rule 56(d) motion). The question of whether or not an insured's notice was reasonable depends on the facts and circumstances of the particular case, *Applied Sys.*, 729 N.E.2d at 921 (citing *State Sec. Ins. Co. v. Burgos*, 583 N.E.2d 547, 551 (Ill. 1991)), and further supports extending discovery in order to resolve these factual issues.

The Court finds unavailing OneBeacon's argument that because the OneBeacon Policy's notice provision does not excuse late notice due to notifying another insurer, U.S. Foods has no defense and therefore requires no additional discovery. (R. 65, OneBeacon's Resp. at 9.) As the Court established above, the language of the OneBeacon Policy's notice provision is one of several factors the Court must consider in assessing whether U.S. Foods has a justifiable excuse for its late notice. *Zurich*, 816 N.E.2d at 805 (citing *Applied Sys.*, 729 N.E.2d at 922; *Tribune*

*Co.*, 715 N.E.2d at 271. The Court is not constrained by the policy's language, and finds that the additional discovery will provide insight into the other factors the Court must consider.

Undeterred, OneBeacon also argues that U.S. Foods already possesses all the necessary evidence pursuant to OneBeacon's discovery request to ICSP for "any and all documents relating to the Ruberstell matter." (R. 65, OneBeacon's Resp. at 6.) Counsel for U.S. Foods attests that OneBeacon's broad discovery request has not produced the information it needs. (R. 63-1, Ex. A, Derksen Aff. ¶¶ 4, 6; R. 69, U.S. Foods' Reply at 8.) OneBeacon states that ICSP produced 306 pages of documents in response to its discovery request. (R. 65, OneBeacon's Resp. at 6.) While the Court does view this as a substantial document production, it is conceivable that such a broad request would not yield documents responsive to U.S. Foods' specific areas of inquiry. U.S. Foods alleges that, due to ICSP's recent representations that it denied coverage of the Ruberstell claims well before March 2013, ICSP possesses the specific documents, including a reservation of rights letter and a formal denial of coverage, that U.S. Foods did not receive in response to OneBeacon's broad request. (R. 69, U.S. Foods' Reply at 8.) In addition, no interrogatories or depositions have been taken from ICSP's officers. Therefore, the Court does not view U.S. Foods' narrow discovery request as duplicative or wasteful.

Finally, OneBeacon argues that further discovery is unnecessary for U.S. Foods to prove its defense because U.S. Foods could simply have one of its own employees provide an affidavit attesting that ICSP provided a defense to Ruberstell's claims and that U.S. Foods believed Ruberstell was an employee of JP Foodservice for the purposes of determining the appropriate insurance carrier to notify. (R. 65, OneBeacon's Resp. at 8.)

An affidavit containing an affiant's opinions and legal conclusions are ineffectual and not given any consideration or weight on summary judgment. *G. D. Searle & Co. v. Charles Pfizer*

& Co., 231 F.2d 316, 318 (7th Cir. 1956) (collecting cases). Therefore, an employee's attestation that ICSP was defending Ruberstell's claims— a legal determination—would be immaterial to the Court in resolving OneBeacon's motion for summary judgment. As a practical matter, U.S. Foods alleges that because Ruberstell's claims date back more than a decade, no one currently employed at U.S. Foods can recall the details necessary to attest that it believed Ruberstell was an employee of JP Foodservice and that U.S. Foods notified ICSP prior to OneBeacon based upon that belief. (R. 69, U.S. Foods' Reply at 7-8.) The Court finds U.S. Foods' assertion entirely plausible, and will permit it to take limited additional discovery rather than force it to rely upon an employee's affidavit.

Having determined that U.S. Foods' discovery request may establish a genuine issue of material fact, the Court proceeds to consider whether U.S. Foods has been dilatory in pursuing discovery.

## II. Whether U.S. Foods has demonstrated a lack of diligence in pursuing discovery

OneBeacon argues that if U.S. Foods required further discovery, it should have undertaken this task before it filed its own summary judgment motion. (R. 65, OneBeacon's Resp. at 4.) U.S. Food argues that it did not require additional discovery until November 21, 2013, when ICSP filed its answer to U.S. Foods' third-party complaint and for the first time alleged that ICSP never accepted U.S. Foods' request for a defense in the Ruberstell suit. (R. 49, ICSP's Answer ¶ 5.) U.S. Foods alleges that prior to ICSP's answer, it believed ICSP had been providing U.S. Foods with a defense until it withdrew from the suit on March 1, 2013. (R. 23, U.S. Foods' Third-Party Compl. ¶ 4.)

The Seventh Circuit has held that a district court may deny a Rule 56(d) motion when a party fails to secure discoverable evidence due to his own lack of diligence. *Rogers*, 757 F.2d at 857 (citing *Shaughnessy*, 570 F.2d at 316).

Discovery began in this case on August 13, 2013, (R. 20, Min. Entry), and on October 10, 2013, the Court set the discovery deadline for March 30, 2014, (R.25, Min. Entry.) Almost three months after discovery began, on November 1, 2013, ICSP's counsel entered its first appearance, and two weeks later, ICSP filed its answer. (R. 49, ICSP's Answer.) On December 5, 2013, OneBeacon moved for summary judgment, (R. 52, OneBeacon's Mot. Summ. J.); U.S. Foods filed its Rule 56(d) motion three weeks later, on December 27, 2013, more than three months prior to the close of discovery, (R. 63, U.S. Food's Rule 56(d) Mot.). In total, U.S. Foods was aware of ICSP's claims for approximately one month and it had three weeks to either prepare a response to OneBeacon's motion for summary judgment or file its Rule 56(d) motion. The Seventh Circuit has affirmed a district court's denial of a Rule 56(d) motion in instances of egregious inactivity, such as where the Rule 56(d) movant waited to seek additional discovery until after the discovery deadline and the due date for its response brief had expired, *Kalis v. Colgate-Palmolive Co.*, 231 F.3d 1049, 1058-59 (7th Cir. 2000), or where discovery had been extended four times and the movant requested additional discovery with only speculative value, *O'Neil*, 308 F.3d at 816.

In this case, however, U.S. Foods filed its motion to extend discovery well in advance of the discovery deadline and has set forth a targeted request that is likely to yield information necessary to its efforts to rebut OneBeacon's summary judgment motion. The Court notes that the timing of U.S. Foods' Rule 56(d) filing is somewhat suspect, as U.S. Foods already filed its own motion for summary judgment, indicating that it was confident in its chances of prevailing

with the discovery it had in its possession. The Court reiterates that Rule 56(d) motions are not to be used as a shield to block a summary judgment motion from being decided. *Korf*, 726 F.2d at 1230. However, the Court adheres to the Seventh Circuit's instruction that these motions be construed liberally. *Cooke*, 26 F.3d at 726. In addition, the Court finds plausible U.S. Foods' explanation regarding the impact of ICSP's recent disclosures on its litigation strategy. Accordingly, the Court finds that U.S. Foods did not demonstrate a lack of diligence in pursuing discovery.

Because discovery may allow U.S. Foods to produce a valid defense against OneBeacon's claims that it violated the OneBeacon Policy, the Court grants U.S. Foods' motion to take further discovery.

## CONCLUSION

For the foregoing reasons, U.S. Food's motion to take further discovery is GRANTED. Pursuant to Federal Rule of Civil Procedure 56(d)(1) and (2), the Court will defer consideration of the cross-motions for summary judgment, for a limited period, (R. 32, U.S. Foods' Mot. Summ. J.; R. 52, One Beacon's Mot. Summ. J.), while U.S. Foods proceeds with its discovery requests on an expedited basis. The Court requests the parties to fully finalize their settlement discussions prior to the next status hearing which will be held in open court on July 8, 2014 at 9:45 a.m.

ENTERED: _____
Chief Judge Rubén Castillo
United States District Court

**Dated: June 25, 2014**